# EXHIBIT 1



# Service of Process Transmittal
10/04/2021
CT Log Number 540358282

| | |
|---|---|
| **TO:** | Will Frederking, General Counsel<br>HydroChemPSC<br>900 Georgia Ave<br>Deer Park, TX 77536-2518 |
| **RE:** | **Process Served in Michigan** |
| **FOR:** | HydroChemPSC  (Assumed Name)  (Domestic State: DE)<br>HydroChem LLC (True Name) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Re: Tyler, William Frederic // To: HydroChem LLC |
| DOCUMENT(S) SERVED: | -- |
| COURT/AGENCY: | None Specified<br>Case # 21009745NO |
| NATURE OF ACTION: | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| ON WHOM PROCESS WAS SERVED: | The Corporation Company, Plymouth, MI |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 10/04/2021 postmarked on 10/01/2021 |
| JURISDICTION SERVED : | Michigan |
| APPEARANCE OR ANSWER DUE: | None Specified |
| ATTORNEY(S) / SENDER(S): | None Specified |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 10/04/2021, Expected Purge Date: 10/09/2021<br><br>Image SOP<br><br>Email Notification,  Will Frederking  Will.Frederking@hydrochempsc.com<br><br>Email Notification,  Tashya Snyder  tashya.snyder@hydrochempsc.com<br><br>Email Notification,  Brittany Carazola  brittany.carazola@hydrochempsc.com |
| REGISTERED AGENT ADDRESS: | The Corporation Company<br>40600 Ann Arbor Road E<br>Suite 201<br>Plymouth, MI 48170<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>21-009745-NO<br>Hon. Edward Ewell, Jr. |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226                                    Court telephone no.: 313-224-5195

| Plaintiff's name(s), address(es), and telephone no(s)<br>Tyler, William Frederick    et. Al | v | Defendant's name(s), addresses(es), and telephone no(s).<br>HydroChem PSC<br>Resident Agent: The Corporation Company<br>40600 Ann Arbor Rd. E.<br>Suite 201<br>Plymouth, MI 48170 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br><br>Kanwarpreet Singh Khahra 80253<br>3200 Greenfield Rd Ste 260<br>Dearborn, MI 48120-1800 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
- ☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
- ☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
- ☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
- ☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
- ☒ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
- ☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
- ☒ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☒ this court, ☒ removed to United States District Court Eastern District of MI Court, where it was given case number 20-003875-NO / 2:20-cv-10917-DPH-DRG and assigned to Judge Edward Ewell, Jr. Circuit / Denise Page Hood Federal
  The action ☒ remains ☐ is no longer pending.

Summons section completed by court clerk.                         **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>8/6/2021 | Expiration date*<br>11/5/2021 | Court clerk<br>Angila Mayfield |
|---|---|---|

                                                       Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)           SUMMONS           MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

William Frederick Tyler, and
Nancy Tyler

        Plaintiffs,

vs.                                            Case No. 21-      -NO
                                                   Hon.:

HydroChem PSC,

        Defendant.

_____/

TIMOTHY M. TAKALA (P72138)
KANWARPREET S. KHAHRA (P80253)
Attorneys for Plaintiff
3200 Greenfield, Suite 260
Dearborn, MI 48120
(313) 961-0130 Fax: 8178
ttakala@jeffmeyerslaw.com
kkhahra@jeffmeyerslaw.com

_____/

There is a pending civil action arising out of the same transaction or occurrence alleged in the complaint against United States Steel Corporation *et. al.*, which was filed in Wayne County Circuit Court on March 12, 2020 (Case No.: 20-003875-NO) and was removed to Eastern District of Michigan pursuant to 27 U.S.C. § 1332 (Case No.: 2:20-cv-10917-DPH-DRG).

                                            */s/ Kanwarpreet S. Khahra*

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiffs, William Frederick Tyler and Nancy Tyler, by and through their counsel, Meyers Law, PLLC, and for their cause of action and Complaint, states the following:

1.      The acts or omissions that form the basis for the Complaint occurred in County of Wayne, State of Michigan.

2. The amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000), exclusive of interest, costs, and attorney fees.

3. At all times relevant to the Complaint, Plaintiff William Frederick Tyler (hereinafter "Mr. Tyler") was a resident of the State of Alabama.

4. At all times relevant to the Complaint, Plaintiff Nancy Tyler (hereinafter "Ms. Tyler") was a resident of the State of Alabama.

5. At all times relevant to the Complaint, Defendant HydroChem PSC was a Michigan corporation with its principal place of business in Monroe, Michigan, doing continuous business in the County of Wayne, State of Michigan.

## FACTUAL STATEMENT

6. At all times relevant to the Complaint, Mr. Tyler was employed by Songer Service & Co. (hereinafter "Songer") as a boilermaker.

7. US Steel contracted Songer to perform maintenance work at the US Steel's Great Lakes Plant on Zug Island (hereinafter "the plant").

8. On August 10, 2018, Mr. Tyler and his colleagues were removing the lower cone on the dustcatcher, a component of the D4 blast furnace. The dustcatcher is approximately 36 feet wide and 80 feet tall.

9. On average, the furnace steel making operation produced approximately 25 pounds of dust per ton of steel and D4 furnace produced 4500 tons of steel a day, which equates to 112,500 pounds of dust per day. All of this dust gets accumulated inside the dustcatcher.

10.  Upon information and belief, there were other contractors apart from employees of Songer and Hydrochem who had worked, were working, or would eventually work on the dustcatcher.

11.  On August 10, 2018, Songer's day shift crew attached three 10-ton chain falls to the lower cone of the dustcatcher to help facilitate the cone removal process.

12.  Upon information and belief, US Steel employees knew that the dustcatcher was blocked and previous attempts to dump the dust from the dustcatcher had failed due to mechanical issues.

13.  Upon information and belief, US Steel contracted Hydrochem to perform a Hydrojetting procedure and vacuum the dustcatcher. Hydrochem typically performed Hydrojetting procedure on a regular basis during normal furnace operations to help remove any blockage so that the dust could be extracted.

14.  Upon information and belief, Hydrochem employees attempted to perform the Hydrojetting procedure on August 1 or 2. There are no records indicating that any dust was extracted pursuant to Hydrochem's contract with US Steel.

15.  Hydrochem was negligent in performing its duties pursuant to its contractual obligation with US Steel.

16.  Upon information and belief, US Steel employees knew that the dustcatcher had not been emptied and improperly communicated to Songer employees that it was safe to them to remove the lower cone.

17.  US Steel employees improperly assumed and communicated to Songer employees that the materials inside the dustcatcher had solidified and would not come out during the cone removal process.

18. On August 10, 2018, at approximately 9:30 p.m., when Mr. Tyler and his colleagues cut the last bolt to remove the lower cone from the dustcatcher, they became engulfed in several hundred thousand tons of hot ash.

19. As a result of this incident, Mr. Tyler suffered serious life-changing injuries requiring extensive hospitalization.

### **COUNT I - GENERAL NEGLIGENCE AS TO HYDROCHEM PSC**

Plaintiffs hereby restate, re-allege, and incorporate by reference each and every allegation set forth above and further state, the following:

20. At all times relevant to the Complaint, US Steel contracted Hydrochem PSC to perform a Hydrojetting procedure to remove blockage from the dustcatcher and vacuum the dustcatcher.

21. At all times relevant to the Complaint, HydroChem PSC's employees or agents owed a duty in connection with this occurrence to use ordinary care for safety of Mr. Tyler and others similarly situated.

22. In violation of its duty, employees or agents of Defendant HydroChem PSC failed to use ordinary care for safety of Mr. Tyler and others similarly situated in the manner set forth below:

   a. Defendant's employees or agents in conjunction with US Steel employees or agents failed to perform Hydrojetting procedure and vacuum the dust from the dustcatcher pursuant to its scope of work;

   b. Defendant's employees or agents failed to inform US Steel and Songer that the materials inside the dustcatcher were not solid;

   c. Defendant's employees or agents failed to inform US Steel and/or Songer that it was unsafe to remove the lower cone

4

        until the blockage had been removed and the dustcatcher had been emptied;

      d. Other acts or omissions to be determined through course of discovery.

23. As a direct and proximate result of the aforementioned negligent acts or omissions of the employees or agents of the Defendant, Mr. Tyler suffered the following injuries and damages:

      a. Vocal cord paralysis;
      b. Chronic obstructive pulmonary disease (COPD);
      c. Injury to his lungs;
      d. Pneumonia;
      e. Traumatic eye injury;
      f. First and second-degree skin burns on head, neck, back, wrists, legs;
      g. Staph infection in blood and gall bladder;
      h. Posttraumatic Stress Disorder;
      i. Depression and anxiety;
      j. Emotional distress;
      k. Medical expenses, past, present, and future;
      l. Denial of social pleasures and enjoyments, past, present, and future;
      m. Lost wages, earnings and earning capacity, past, present, and future;
      n. Future attendant care;
      o. Necessary physical accommodations to living environment and vehicle, past, present, and future;
      p. Other injuries and damages to be determined through the course of discovery.

WHEREFORE, the Plaintiffs, respectfully requests this Honorable Court to enter a judgement against the Defendant in any amount in excess of Twenty-Five Thousand ($25,000) Dollars, together with interest, costs, and attorney fees to which the Plaintiff is deemed to be entitled.

## COUNT III – GROSS NEGLIGENCE AS TO HYDROCHEM PSC

Plaintiff hereby restates, re-alleges, and incorporates by reference each and every allegation set forth above and further state, the following:

24.     Defendant knew or should have known that the dustcatcher was not empty, and, that it posed a safety hazard for Mr. Tyler and his colleagues if they removed the lower cone.

25.     Defendant knew or should have known that the materials inside the dustcatcher were not solid and would fall if the cone was removed.

26.     Defendant knew or should have known that the three ton-chain falls would not support the weight of the materials inside the dustcatcher as the average daily dust production was approximately 112,500 pounds and the dustcatcher had not been previously emptied due to blockage and other mechanical issues with the valves.

27.     Defendant willfully disregarded that knowledge and failed to inform Mr. Tyler and his colleagues of the safety hazard.

28.     As a direct and proximate result of the aforementioned negligent acts or omissions of the employees or agents of the Defendant, Mr. Tyler suffered the following injuries and damages:

        a. Vocal cord paralysis;
        b. Chronic obstructive pulmonary disease (COPD);
        c. Injury to his lungs;
        d. Pneumonia;
        e. Traumatic eye injury;
        f. First and second-degree skin burns on head, neck, back, wrists, legs;
        g. Staph infection in blood and gall bladder;
        h. Posttraumatic Stress Disorder;
        i. Depression and anxiety;
        j. Emotional distress;
        k. Medical expenses, past, present, and future;

l. Denial of social pleasures and enjoyments, past, present, and future;
m. Lost wages, earnings and earning capacity, past, present, and future;
n. Future attendant care;
o. Necessary physical accommodations to living environment and vehicle, past, present, and future;
p. Other injuries and damages to be determined through the course of discovery.

WHEREFORE, the Plaintiff, respectfully requests this Honorable Court to enter a judgement against the Defendant in any amount in excess of Twenty-Five Thousand ($25,000) Dollars, together with interest, costs, and attorney fees to which the Plaintiff is deemed to be entitled.

## COUNT III – LOSS OF CONSORTIUM
## NANCY TYLER

Plaintiff hereby restates, re-alleges, and incorporates by reference each and every allegation set forth above and further state, the following:

29. At all times relevant to the Complaint, Nancy Tyler was the lawfully wedded wife of Mr. Tyler.

30. As a direct and proximate cause of the Defendant's negligence and gross negligence as fully described above, Ms. Tyler has suffered loss of consortium damages, including the loss of her husband's society, companionship, and household services.

WHEREFORE, the Plaintiff, respectfully requests this Honorable Court to enter a judgement against the Defendant in any amount in excess of Twenty-Five Thousand ($25,000) Dollars, together with interest, costs, and attorney fees to which the Plaintiff is deemed to be entitled.

MEYERS LAW, PLLC

BY: */s/ Kanwarpreet S. Khahra*
    TIMOTHY M. TAKALA (P72138)
    KANWARPREET S. KHAHRA (P80253)
    Attorneys for Plaintiffs
    3200 Greenfield, Suite 260
    Dearborn, Michigan 48120
    (313) 961-0130

DATED: August 6, 2021

8

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

William Frederick Tyler, and
Nancy Tyler

        Plaintiffs,

vs.

HydroChem PSC,

        Defendant.

Case No. 21-    -NO
Hon.:

_____/

TIMOTHY M. TAKALA (P72138)
KANWARPREET S. KHAHRA (P80253)
Attorneys for Plaintiff
3200 Greenfield, Suite 260
Dearborn, MI 48120
(313) 961-0130 Fax: 8178
ttakala@jeffmeyerslaw.com
kkhahra@jeffmeyerslaw.com

_____/

## **DEMAND FOR JURY TRIAL**

NOW COME the Plaintiffs, William Frederick Tyler and Nancy Tyler, by and through their counsel, Meyers Law, PLLC, and hereby demand a trial by jury in the above-captioned matter.

        MEYERS LAW, PLLC

        BY: */s/ Kanwarpreet S. Khahra*
             TIMOTHY M. TAKALA (P72138)
             KANWARPREET S. KHAHRA (P80253)
             Attorneys for Plaintiffs
             3200 Greenfield, Suite 260
             Dearborn, Michigan 48120
             (313) 961-0130

DATED: August 6, 2021






UNITED STATES POSTAL SERVICE
**REGISTERED MAIL**™

RE 380 710 194 US

Label 200, August 2005          PSN 7690-03-000-9311

ZIP 48120
02-4R
0000379767 OCT. 01 20

U.S. POSTAGE PAID
FCM LG ENV
DEARBORN, MI
48120
OCT 01, 21
AMOUNT
$0.00
R2305P150469-36

# First Class Mail

LAW OFFICE
**JEFF MEYERS, PLLC**
3200 GREENFIELD, SUITE 260
DEARBORN, MICHIGAN 48120-1802

80042

HydroChem PSC
R/A: The Corporation Company
40600 Ann Arbor Rd. E., Suite 201
Plymouth, MI 48170

**REGISTERED MAIL**

RETURN RECEIPT REQUESTED